IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JACOB BARRERAS, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § § | CIVIL ACTION NO. 3:24-CV-00297 |
| AMANDA MANNING, IN HER OFFICIAL CAPACITY AS ADA COORDINATOR FOR EL PASO COUNTY, | § § § § § | JUDGE MICHAEL J. TRUNCALE |
| *Defendant*. | § § | |

## **AMENDED ORDER GRANTING DEFENDANT AMANDA MANNING'S MOTION TO DISMISS**

On December 13, 2024, the Court entered an Order Granting Defendant's Motion to Dismiss. [Dkt. 26]. In that Order's conclusion, the Court instructed the Clerk "to terminate the Social Security Administration as a Defendant" instead of stating the proper defendant, Amanda Manning. Rule 60(a) of the Federal Rules of Civil Procedure provides: "The court may correct a . . . mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice." Fed. R. Civ. P. 60(a). Accordingly, the Court **VACATES** its previous Order, [Dkt. 26], and issues the following Amended Order[1]:

Before the Court is Defendant Amanda Manning's Motion to Dismiss. [Dkt. 23]. For the following reasons, the Court **GRANTS** the Motion.

### I.   BACKGROUND

On August 23, 2024, Plaintiff Jacob Barreras, appearing *pro se*, filed the present lawsuit

---

[1] This Amended Order should not be interpreted as making any other substantive changes to the original Order. [Dkt. 26].

against Amanda Manning in her official capacity as ADA Coordinator for El Paso County for failure to accommodate his disabilities. [Dkt. 7]. He alleges that "on multiple occasions," he requested accommodations from Manning's office but that despite those requests, it "repeatedly denied reasonable accommodations, which significantly impaired [his] ability to access essential services and caused substantial harm." *Id.* at ¶¶ 9–10. As a result, Barreras filed this lawsuit seeking declaratory, injunctive, and monetary relief for Manning's alleged violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq. Id.* at ¶ 1.

This case was originally assigned to Senior Judge David C. Guaderrama but later transferred to Judge Michael J. Truncale, who sits in the Beaumont Division in the Eastern District of Texas. [Dkts. 2–3]. Senior Judge Guaderrama issued an order of recusal because Barreras filed a similar lawsuit against the United States District Court for the Western District of Texas, creating a conflict of interest. [Dkt. 2]; *see also Barreras v. U.S. Dist. Ct. W.D. Tex., El Paso Div.*, No. 3:34-cv-296 (W.D. Tex. Aug. 23, 2024).[2] On October 15, 2024, Manning, in her official capacity as ADA Coordinator for El Paso County, filed the pending Motion to Dismiss arguing that the Court should dismiss Barreras's complaint for failure to state a plausible claim for relief. [Dkt. 23]. As of the date of this Order, Barreras has not filed a response.

## II.    DISCUSSION

Under the Western District of Texas's Local Rule CV-7(d)(2), a party's response to a motion to dismiss must be filed "not later than [fourteen] days after the filing of the motion." W.D.

---

[2] In fact, Barreras has filed a total of nine lawsuits that have been transferred to Judge Truncale where he alleges similar violations of the ADA and Rehabilitation Act against various individuals and entities. *See id*; *Barreras v. Gonzalez*, No. 3:24-cv-296; *Barreras v. Manning*, No. 3:24-cv-297; *Barreras v. Rivas*, No. 3:24-cv-299; *Barreras v. Cent. Violations Bureau*, No. 3:24-cv-300; *Barreras v. O'Malley*, No. 3:24-cv-301; *Barreras v. State Bar Tex.*, No. 3:24-cv-302; *Barreras v. Tex. Dep't Ins.*, 3:24-cv-303; *Barreras v. Tex. Workforce Comm'n*, 3:24-cv-304.

Tex. Civ. R. 7(d)(2). The rule also states that if a party fails to respond within that time period, "the court may grant the motion as unopposed." *Id.* Fifth Circuit precedent has clearly established that "a party abandons a claim by failing to defend it in response to motions to dismiss and other dispositive pleadings." *McClelland v. Katy Indep. Sch. Dis.*, 63 F.4th 996, 1010 (5th Cir. 2023) (collecting cases); *see also Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (stating that the plaintiff's "failure to pursue this claim beyond her complaint constituted abandonment").

Here, nearly two months have elapsed since Manning filed the present motion; this is beyond the deadline prescribed in Local Rule 7(d)(2). In her certificate of conference, Manning confirmed that she mailed her motion to Barreras's address listed on CM/ECF. [Dkt. 23 at 3]. Accordingly, the Court assumes that Barreras is in receipt of the motion, but he either (1) does not oppose the motion, *see* W.D. Tex. Civ. R. 7(d)(2), or (2) abandoned his claims against Manning as evidenced by his lack of response. *See McClelland*, 63 F.4th at 1010; *Black*, 461 F.3d at 588 n.1.

Accordingly, the Court grants the motion as unopposed. *See* W.D. Tex. Civ. R. 7(d)(2).

### III.   CONCLUSION

It is therefore **ORDERED** that Defendant's Motion to Dismiss [Dkt. 23] is hereby **GRANTED**. All causes of action against Manning are **DISMISSED WITH PREJDUICE**. The Clerk is **INSTRUCTED** to terminate Manning as a Defendant. This is a **FINAL JUDGMENT**.

**SIGNED this 16th day of December, 2024.**

*Michael J. Truncale*
Michael J. Truncale
United States District Judge